132 F.3d 36
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Thomas J. PATERS, Petitioner-Appellant,
v.
Robert KENT,[1] Respondent-Appellee.
 No. 96-4023.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 16, 1997.*
Decided Dec. 17, 1997.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin, No. 96-C-979; J.P. Stadtmueller, Chief Judge.
 Before POSNER, BAUER and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Thomas J. Paters appeals from the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In 1994, Paters was convicted by a jury of one count of racketeering in violation of Wis. Stat. § 946.82(4) and eight counts of theft by' fraud in violation of Wis. Stat. § 943.20(1)(d). Paters filed a direct appeal to the Court of Appeals of Wisconsin, which denied Paters's appeal on the merits. In July 1996, the Wisconsin Supreme Court denied Paters's petition for review. On August 29,1996, Paters petitioned the district court under 28 U.S.C. § 2254 on the basis that he was denied his constitutional right to confrontation because the district court allowed third-party financial record summaries into evidence under the business records hearsay exception.[2] The district court denied Paters's habeas petition, but later granted Paters's request for a certificate of appealability "on the issue of whether the trial court's admission of document summaries violated Paters's Sixth Amendment rights."
 
 
 2
 Paters's habeas petition was filed after April 24, 1996; therefore, the Antiterrorism and Effective Death Penalty Act (AEDPA) governs our analysis. Holman v. Gilmore, 126 F.3d 876, 880 (7th Cir.1997). A writ of habeas corpus may issue on Paters's argument that he was denied his constitutional right to confrontation only if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). We review the state court's legal determinations, as well as mixed questions of fact and law de novo. Hall v. Washington, 106 F.3d 742, 748 (7th Cir.), cert. denied, 118 S.Ct. 264 (1997).
 
 
 3
 Paters argues that the trial court erred by admitting business record summaries into evidence because the records were inadmissible hearsay, and thus, he was denied his right to confrontation. This argument was flatly rejected by the Court of Appeals of Wisconsin, which relied upon White v. Illinois, 502 U.S. 346, 356 n. 8 (1992), for the proposition that "firmly-rooted" exceptions to the hearsay rule satisfy the reliability requirement posed by the confrontation clause. Paters has not cited to any Supreme Court case law that supports his position that the state court's ruling was contrary to, or involved an unreasonable application of Supreme Court case law. Indeed, there is no Supreme Court case law that holds that the business records exception is not a "firmly-rooted" exception to the hearsay rule.[3] As such, Paters's § 2254 petition fails. Therefore, the district court's judgment is
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 Robert Kent is presently the Superintendent of the Sander B. Powers Correctional Center in Oneida, Wisconsin. Laureal Boardman was the Superintendent from August 1986 until August 1989. Pursuant to Federal Rule of Appellate Procedure 43(c), this court on its own motion substitutes Robert Kent as the Respondent-Appellee in this action
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P.34(a); Cir. R. 34(f)
 
 
 [2]
 According to the State, Paters did not serve a copy of the § 2254 petition on the State, and thus, the State was unaware of the petition until after it was dismissed by the district court. Because the State of Wisconsin never filed a response to Paters's petition, the federal record did not have relevant documents from the state trial record. Paters, however, supplemented the federal appellate record with the state trial transcripts
 
 
 [3]
 We note that Wis. Stat. § 908.03(6) is fashioned after Federal Rule of Evidence 803(b), both titled "Records of regularly conducted activity." See Fed.R.Evid. 803(6), Note to Paragraph (6); Wis. Stat. § 908.03, Judicial Council Committee's Note Subsection 6(1)-(3); see also State v. Heft, 517 N.W.2d 494, 500 (Wis.1994) (many Wisconsin Rules of Evidence modelled after Federal Rules of Evidence)